CASE 81—CORPORATION, TRUSTS—JANUARY 8, 1885.

82 511
110 719

## Widrig & Co. v. Newport Street Ry. Co., &c.

APPEAL FROM CAMPBELL CHANCERY COURT.

1. If a director in a corporation, by an agreement with his co-directors, sells the bonds of the company on his own private account, and realizes a profit thereon, he will be required to account for that profit to the creditor or stockholder of the corporation.

2. The director so selling is a trustee for both creditors and stockholders, and they will be protected against such bargains.

3. A director advancing money for his co-directors may have contribution from them.

E. W. HAWKINS AND SAMUEL GEISTER FOR APPELLANTS.

1. Carrick and other appellees were directors of the street railway company when they bought the bonds of the corporation at sixty cents and sold them at from seventy-five cents to a dollar.

2. Whatever of profits they made, they must in equity account for.

3. They are held as trustees and fiduciaries of the company, and neither the creditors nor the other directors will be permitted to suffer from the attempted speculation. (Potter Corporations, volume 2, sections 686, 832, 704, 714; Perry on Trusts, volume 1, section 207; *Ib.*, vol-

ume 2, section 430; Story's Equity, volume 1 sections 186, 316, 322; 12 B. Mon., 79; 1 Duv., 194; 18 B. Mon., 466: 9 Bush, 458, 492, 494, 495; 42 Ga., 148; Douglass v. Cline, 12 Bush; 10 B. Mon., 86; 15 Howard, 90; Acts of 1873, page 285; Acts of 1863-4, page 283; 2 Duv., 19.)

CHARLES J. HELM FOR APPELLEES.

1. Neither Williamson, Carrick nor Morton owned any stock in the old street railway company.
2. The law, as stated by appellants' counsel, I don't propose to deny; but the facts of the case do not sustain them.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

There seems to be no controversy in this case as to the liability of the corporation, as first created, to the appellants; in fact they are in court with a judgment and a return of *no property*, seeking, as the appellees insist, to make their debt out of a subsequent and distinct corporation.

The Newport Street Railway Company was chartered in the year 1864, and a majority of the stock was owned by one Robbins, who was also a director in the corporation. The corporate funds were insufficient to complete the contemplated railway, and it became necessary to raise additional means for that purpose, and with that view Robbins made an arrangement with Kellogg, Morton and Carrick, by which the latter agreed to take the bonds of the company at sixty cents or sixty-five cents to the dollar, and advanced the money, at that rate, on $50,000 of the company's bonds, issued, or to be issued, under the provisions of the charter of the corporation.

Certain directors of the company were to resign, Robbins among the number, and Kellogg, Morton and Carrick were to be made directors, and given control of the corporation. A deed of trust or mortgage had

been executed to one Gideon, on the franchises and property of the corporation, to secure this bonded indebtedness.

Robbins resigned and the appellees were made directors, and Robbins became the contractor to complete the enterprise. The money was advanced and the bonds distributed between these directors and sold by Carrick, who seems to have owned them all at the time of sale, some for seventy-five cents on the dollar and others at par or their face value.

Kellogg, Carrick and Morton were elected directors in May, 1868, and paid this money in June, July and August following. In the meantime, and perhaps subsequent to these dates, the appellants had furnished the corporation with grain, feed, etc., for the horses used on its railway, to a considerable amount, and for which they obtained the judgment they are now seeking to enforce.

It is immaterial for the purposes of this case whether the debt was created before or after the appellees became directors; if the appellees, as directors, speculated in the *company's* bonds and realized a profit therefrom, it should be applied to the payment of appellants' debt.

It is insisted by the appellees, the company having failed to meet the payment of the interest on the bonds, that the property and franchise was sold under the mortgage to Gideon, at the instance of Carrick, and the latter, becoming the purchaser of the franchise and property of the road, is invested with such a title as will protect the property of the road or the franchise from the claims of creditors arising or created prior to

the sale and purchase by Carrick. Not only so, but that shortly after the purchase by Carrick a new and distinct organization was effected under legislative sanction, by which other parties became interested in the corporation and its property, and the old organization has in fact no existence.

Without determining the effect of the new organization, it is sufficient to say that the old corporation is still liable for its debts, and that the directors, when they undertook to speculate in the bonds of the corporation, were acting for the corporation and must account to the creditor for any profits realized by them from the sale of the bonds.

Directors of a corporation will not be allowed, under an arrangement with each other, to issue the bonds of the corporation, and then purchase them at less than their value, or, if the value of the bonds is in fact paid at the time, and the director then proceeds under such an arrangement to sell the bonds on his own private account, so as to realize a profit, he will be held to account for that profit to the creditor or stockholder of the corporation. It is in fact the money of the corporation, and not that of the director. It may be argued that when this arrangement was made with Robbins, appellees were not directors; still the money was not advanced until they were made directors, and it was distinctly agreed that they should be made directors before parting with their money. It has been held that a stockholder may buy up claims against his corporation at a discount, and prove them up as a creditor at their par value, but a director, who occupies the position of a trustee for the creditors and stockholders, will

not be allowed to deal with each other in such a manner. Here is a contract by which Robbins as director resigns, and those who are to advance the money on the bonds are elected directors, and these contract with Robbins to furnish the cash, applying only sixty cents to the dollar of the bonds for that purpose, and placing in their own pockets all the bonds sell for, exceeding that amount.

Such a transaction will not be sustained, although the parties may have acted in the best of faith.

The rights of both creditors and stockholders should be protected against such bargains, and the trustee dealing with the trust funds, or contracting for those he represents, will not be allowed to advance his own interest by antagonizing the interests of those he represents. There is no reason why Carrick and Morton should not be held responsible for the profits realized from the sale of these bonds. They are the only parties to the appeal who were directors at the time, and as Carrick held the bonds, he should be held liable for the entire profits realized, to the extent of paying appellants' debt; and as it is alleged and not denied that the profits on the sale of the bonds were more than sufficient to pay the appellants' claim, judgment should be entered accordingly. Carrick may bring his co-directors before the court if he desires, and require them to contribute.

The fact that the appellants appeared in the action by Gideon to enforce the trust, is no bar to the recovery sought here. In that action, the appellants, having levied their execution on some realty belonging to the corporation, claimed a lien superior to that embodied

in the trust deed. There was no other question raised or issue made between the appellants and the company or the trustee, and it can constitute no bar to the recovery sought here.

Judgment reversed and remanded for proceedings· consistent with this opinion. As to Williamson, this. case is affirmed.

On a petition for a rehearing, this opinion is modified· so that the appellees may introduce proof as to the amount of profit realized on the bonds sold. The case is only opened to that extent, and for no other purpose..

---

CASE 82—JURISDICTION—JANUARY 10, 1885.

